**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1246
_____

DANIELLE JOHNSON,
Appellant

v.

LYCOMING COUNTY CHILDREN AND YOUTH; RYAN TIRA, Judge;
ANGELA LOVECCHIO; TARA LONGENBERGER, Supervisor;
HEIDI PORTER, Case Worker; MATTHEW WOOD, Clinical Director;
MATTHEW SALVATORI, Administrator; MARK LONGENBERGER, Support
Services Director
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:23-cv-01159)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2025
Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Danielle Johnson appeals the District Court's order dismissing her complaint. For the reasons that follow, we will affirm the District Court's order.

Johnson filed a civil rights complaint alleging that Appellees, employees of Lycoming County Children and Youth Services, violated her rights when they removed her children from her home. A Magistrate Judge recommended that her federal claims be dismissed on the grounds that Johnson had failed to state a claim, a judicial defendant had immunity, the District Court should abstain under Younger v. Harris, 401 U.S. 37 (1971), and that some allegations did not satisfy Fed. R. Civ. P. 8(a)(2)'s requirement of a short and plain statement. The Magistrate Judge recommended that the District Court decline to exercise supplemental jurisdiction over Johnson's state law claims. The District Court adopted the Report and Recommendation and dismissed the complaint. Johnson filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

In her brief, Johnson argues that the Appellees made false allegations of abuse and neglect which caused Judge Tira to approve the removal of her children from her home. She asserts that the Appellees made their decisions concerning the children with malice

---

[1] The parties were initially asked to address whether the Court had jurisdiction over the appeal as the notice of appeal appeared to have been untimely filed. However, because the District Court's five-page order contained its reasoning, it did not qualify as a separate judgment, and the judgment was not considered entered until 150 days after entry of the order. See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006), as amended (Aug. 30, 2006) (noting that to qualify as a separate judgment, District Court order must, inter alia, substantially omit the District Court's reasoning); Fed. R. Civ. P. 58 (providing that if judgment is not set out in a separate document, judgment is entered when 150 days have run from entry on the docket). Thus, the notice of appeal was timely filed, and we will not dismiss the appeal for lack of jurisdiction.

and negligence. Appellees, however, are entitled to immunity from Johnson's claims. See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978) (judges not civilly liable for judicial acts); Ernst v. Child & Youth Servs. of Chester Cnty., 108 F.3d 486, 488–89 (3d Cir. 1997) (holding that "child welfare workers and attorneys who prosecute dependency proceedings on behalf of the state are entitled to absolute immunity from suit for all of their actions in preparing for and prosecuting such dependency proceedings").

Johnson also challenges the District Court's refusal to grant her a default judgment against the Appellees. We review the District Court's refusal for an abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Appellees filed a motion for an extension of time to file a responsive pleading, and the Magistrate Judge granted the motion and informed the parties that no responsive pleading was required until the court conducted its preliminary review of the complaint. See ECF #12. Thus, there was no default by Appellees. Moreover, even if there had been a default, Johnson has not shown any prejudice from the District Court's refusal, and the Appellees had a litigable, and, in fact, meritorious defense. See Chamberlain, 210 F.3d at 164 (discussing factors to consider in reviewing refusal to enter default judgment). The District Court did not abuse its discretion in refusing to enter a default judgment against the Appellees.

In her reply brief, Johnson appears to suggest that the Appellees are guilty of crimes and requests that Judge Tira be charged with treason. There is, however, no private federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

3

For the above reasons, we will affirm the District Court's judgment. Johnson's motion titled "reconsider request for default judgment," as supplemented, is denied.